JOHN G. AMES *et al.*, Plaintiffs-Appellants, *v.* CROWN LIFE INSURANCE
COMPANY OF TORONTO, CANADA, Defendant-Appellee.

Third District    No. 79-920

Opinion filed June 13, 1980.

John G. Ames and Maynard E. Minteer, both of Minteer & Ames, of Coal
Valley, for appellants.

Robert T. Park, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, John G. Ames and Shirlie I. Ames, filed suit against defendant Crown Life Insurance Company of Toronto, Canada (hereinafter Crown Life), for compensatory damages occasioned by defendant's failure to pay certain claims under a group insurance policy. Defendant moved to dismiss the two-count second amended complaint, as it was filed beyond the contractual period of limitations provided in the policy. This appeal is from the order of the circuit court of Rock Island County allowing defendant's motion and dismissing the complaint.

In determining the propriety of the dismissal of plaintiffs' complaint, we must accept all properly pleaded facts as true and are concerned only with the question of law presented by the pleadings. (*E.g., Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) Incorporated into the complaint is the subject policy which provides in pertinent part:

"Limitation of Action. No action at law or in equity shall be brought to recover under this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within three years from the expiration of the time within which proof of loss is required by this policy. * * *"

As the medical expenses in question were incurred in 1972 and proof of loss was required to be filed within 90 days thereafter, the contractual period of limitations could not have extended beyond March 30, 1976. Plaintiffs filed the action at bar on February 9, 1979.

Recognizing the validity and applicability of the limitations period, plaintiffs advance two theories in support of their action. Their initial contention, which corresponds to count I of their complaint, is that defendant waived the time condition in the policy. Their second contention, which corresponds to count II of the complaint, is that certain memoranda, as hereinafter set forth, constitute a separate and independent promise in writing. We shall consider each theory in turn.

■■ Waiver encompasses either an express or implied voluntary and intentional relinquishment of a known and existing right. (*E.g., Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23.) It is essentially unilateral in character, focusing on an insurer's conduct, and requiring no prejudice to, nor detrimental reliance by, an insured. (*E.g., Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.*) To constitute a waiver, the words or conduct of an insurer must be inconsistent with the intention to rely on the requirements of the

policy. *E.g., Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.

Plaintiffs alleged that defendant's employees "represented" and "promised" to pay their claims in October 1973 and January 1974, that the employees failed to indicate an intention not to honor the claim, and that two memoranda "acknowledged indebtedness" and "promised to pay same." The first memorandum is a reply of April 18, 1973, from Linda Kriebel of Crown Life to Security Market Builders, Inc.:

> "See copies of forms received on John and Shirley Ames. To process the claims correctly, it is necessary that we receive the proper forms. Enclosed are two of these forms (#E1503A-5). Please have the Employee's Statement and Employer's Statement completed, also we will need the nature of sickness of each. Thank you."

The second memorandum is from Lillian Wiktor of Crown Life to Vern Johnson of Security Market Analysis, Inc., and is dated September 20, 1973:

> "SECOND REQUEST. Enclosed are forms that must be filled out in areas where marked. We cannot make payment with a statement. Please have the doctors fill out Part B. on the form. Also for Mr. Ames's step-dtr. Christine have him fill out the State of Responsibility for her. When we receive this information we will be able to make settlement of this bill. Thank you in advance for your cooperation in this matter."

■ Considering these oral and written communications both individually and collectively, there is clearly no evidence of an express waiver of the contractual period of limitations for bringing suit. Accepting the pleaded facts as true, the communications evidence an intention to process the claim according to established standards and to honor the claim if valid. There is no allegation of any contact between plaintiffs and defendant's employees or agents after January 1974. No inquiries were made, no actions were taken; no negotiations were conducted. Therefore, there is likewise no evidence of an implied waiver of the limitation.

Plaintiffs submit that their complaint frames a situation "within the rule of" *Downing v. Wolverine Insurance Co.* (1965), 62 Ill. App. 2d 305, 210 N.E.2d 603, and *McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339, 266 N.E.2d 714. *Downing* involved a fire loss occurring November 23, 1962, where the subject policy provided a one-year contractual period of limitations. Negotiation followed, and as late as 18 days before the year was to expire, the insurer told plaintiff's insurance agent that the claim was still open. A settlement offer was made

in January or February 1964, and not until February 4 of that year was the claim denied. There was also correspondence indicating the "position" of the insurer would be "improved" one year after the date of the fire. The court held that "[i]n view of the circumstances," it would be "unjust, inequitable and unconscionable" to allow the limitation period to be interposed as a defense. (*Downing v. Wolverine Insurance Co.* (1965), 62 Ill. App. 2d 305, 316, 210 N.E.2d 603, 608.) *McMahon* involved a vandalism loss occurring in May 1963, where the subject policy also provided a one-year limitations period. Plaintiffs waited five years to file their action but did not allege any waiver "based on the conduct of defendant which unfairly precluded them from bringing suit" within the year. *McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339, 342, 266 N.E.2d 714, 717.

While *McMahon* is clearly inapposite to the cause at bar, *Downing* merits our examination. In that case, the insurer negotiated with its insured beyond the contractual limitations period, "the only dispute being a difference in opinion as to the value of certain items of the equipment." (*Downing v. Wolverine Insurance Co.* (1965), 62 Ill. App. 2d 305, 309, 210 N.E.2d 603, 605.) No similar factors are here present. Plaintiffs do not allege the occurrence of any negotiations and the final contact between the parties was over two years before the end of the limitation period. We therefore find no indication of the unjust, inequitable, and unconscionable conduct underlying the court's decision in *Downing*.

■■ While plaintiffs have presented the question of waiver on appeal, they have also alleged in their complaint that they relied on the representations of defendant's employees, without expressly raising the companion argument of estoppel. As reliance is irrelevant to the question of waiver, we simply note that to establish an estoppel, an insured must show that he was in some manner misled by the acts or statements of the insurer or its agents, that the insured relied upon this conduct or representation, and that such reliance was reasonable. (*E.g., Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) For the reasons indicated in our discussion of waiver, we do not find that plaintiffs were misled by defendant's employees nor that their reliance was reasonable under the circumstances here present.

The second theory presented by plaintiffs in favor of their action is that the memoranda previously set forth constitutes a new written agreement. Plaintiffs contend this is sufficient to bring the action within the 10-year limitations period provided for written contracts in section 16 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 17) and cite *In re Estate of Garrett* (1975), 24 Ill. App. 3d 895, 322 N.E.2d 213, in support of their position. *Garrett* involved a note with signed writings on its reverse side and envelope which evidenced an indebtedness of $2,500 to each of

two claimants. In holding the writings to constitute "other evidence of indebtedness in writing" within the meaning of section 16, the court stated:

"Whether an action is based on a written contract or on any other evidence of indebtedness in writing, the action must be upon the writing and it is not enough that the evidence by which the cause of action is supported is in writing. *Bates v. Bates Machine Co.* (1907), 230 Ill. 619, 621-622; *Knight v. St. Louis Iron Mountain & Southern Ry. Co.* (1892), 141 Ill. 110, 115; *Mullberg v. Johnson*, 340 Ill. App. 92, 97.

The writings before us are not, however, mere evidence of a previous oral agreement. They are by themselves complete, thus eliminating the necessity of resort to parol evidence. The parties to the agreement, the nature of the transaction, the amount in question and, at least by reasonable implication, an intention to repay the debt are indicated therein.

\* \* \*

\* \* \* If the language of a writing may fairly be construed to contain a promise to pay money, or if the instrument states a fact from which the law implies an obligation to pay and there is no need to resort to parol evidence in order to establish any essential elements of the agreement forming the basis of the action, the instrument is within section 16 of the statute of limitations founded upon 'evidences of indebtedness in writing'. A cause of action, however, is not founded on a written instrument within that statute merely because it is indirectly connected with the writing or because the writing may be a link in the chain of evidence establishing liability. See, *e.g. Mowatt v. City of Chicago* (1920), 292 Ill. 578, 582; *Knight v. St. Louis Iron Mountain & Southern Ry. Co.*, 141 Ill. 110, 115; *Memory v. Niepert*, 131 Ill. 623, 630; *Bracklein v. Realty Ins. Co.* (1938), 95 Utah 490, 80 P.2d 471, 476; *Grant v. Williams* (1954), 158 Neb. 107, 62 N.W.2d 532, 536." *In re Estate of Garrett* (1975), 24 Ill. App. 3d 895, 898, 322 N.E.2d 213, 215-16.

The action at bar is not upon the two memoranda, nor do those writings state facts from which the law implies an obligation to pay. The alleged liability of defendant stems from the group insurance policy, and count II of plaintiffs' complaint refers to the memoranda as acknowledgements of coverage "under Defendant's Policy Number 15854." Unlike the writings in *Garrett*, the memoranda are not complete in themselves; rather, they are at most evidence by which the cause of action is supported. Therefore the writings are insufficient to invoke the 10-year statute of limitations provided in section 16.

Accordingly, the order of the circuit court of Rock Island County dismissing the complaint at bar is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.