(No. 79354.—

RALPH E. ARMSTRONG *et al.*, Appellees, v. WALTER F. GUIGLER *et al.*, Appellants.

*Opinion filed October 18, 1996.—Rehearing denied December 2, 1996.*

282

BILANDIC, C.J., joined by HARRISON and NICKELS, JJ., dissenting.

Bozeman, Neighbour, Patton & Noe, of Moline (John P. Harris, of counsel), for appellants Walter F. Guigler and Russell V. Smith.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Brad A. Elward, William I. Covey, Gary D. Nelson and Craig L. Unrath, of counsel), for appellant Robert F. Smith, d/b/a The Bob Smith Agency.

Thomas E. Leiter and Garrett K. Williams, of The Leiter Group, of Peoria, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

In this case, we are asked to decide whether the 10-year statute of limitations for actions on a written contract (735 ILCS 5/13—206 (West 1992)), or the five-year statute of limitations for "all civil actions not otherwise provided for" (735 ILCS 5/13—205 (West 1992)), applies to a cause of action for breach of an implied fiduciary duty. A divided appellate court held that the implied duty at issue here was "created in a written document" and therefore the longer period of limitations controlled. 273 Ill. App. 3d 85. We granted leave to appeal (155 Ill. 2d R. 315) and now reverse the judgment of the appellate court.

Background

On December 31, 1993, plaintiffs, Ralph and Rema Armstrong, filed a single-count complaint in the circuit court of Peoria County against the Bob Smith Agency (a real estate brokerage firm), its owner, and two of its employees. The complaint alleged that plaintiffs had entered into a written multiple listing agreement with the Agency for the purpose of selling plaintiffs' property. Under the terms of the agreement, plaintiffs granted the broker an irrevocable and exclusive right to advertise and sell certain parcels of property for the gross amount of $625,000. Plaintiffs were obligated "to furnish a complete abstract showing good and merchantable title to the premises, or to furnish a title guaranty

policy and to convey said premises by warranty deed clear of all encumbrances, except general taxes." In the event of a sale, plaintiffs were required to pay a broker's commission to be calculated at 5% of the actual sales price.

The agreement, which originally terminated by its own terms on November 30, 1983, was later extended by the parties to February 28, 1984. Prior to that date, defendant Russell Smith, a sales agent for the broker, presented plaintiffs with a written offer to purchase the property on behalf of himself and certain other undisclosed individuals. The offer was subject to the condition that the first mortgagees, the Chillicothe Federal Savings & Loan and the Security Savings & Loan, modify the current mortgages so as to grant the buyers a right of assumption. Plaintiffs accepted the offer and, on December 31, 1983, the parties closed the sale on the property. The mortgages, however, were never assumed.

According to the complaint, both Smith and another defendant, Walter Guigler, knew that the buyers did not intend to assume the mortgages. Guigler, in addition to serving as manager and chief operating officer of the Chillicothe Federal Savings & Loan, also worked as a sales agent for the broker. Despite the fact that both Smith and Guigler owed plaintiffs a "duty of loyalty and fidelity" as agents under the listing agreement, plaintiffs claimed that neither defendant disclosed to them the buyers' intention to forgo the mortgage assumption. Plaintiffs filed suit against defendants for breach of an implied fiduciary duty, seeking $1 million in compensatory and punitive damages, respectively. Although plaintiffs later voluntarily struck their prayer for punitive damages, which ordinarily are not recoverable for breach of contract, the complaint in the instant case did

not specify the basis for plaintiffs' claim that they suffered $1 million in compensatory damages.[1]

Defendants moved to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1992)), arguing that plaintiffs' claim for breach of fiduciary duty was governed by the five-year statute of limitations set forth in section 13—205 of the Code (735 ILCS 5/13—205 (West 1992)). This provision, residual by nature, covers all actions for which no limitations period is otherwise prescribed. It states in pertinent part:

> "[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and *all civil actions not otherwise provided for*, shall be commenced within 5 years next after the cause of action accrued." (Emphasis added.) 735 ILCS 5/13—205 (West 1992).

Defendants point out that plaintiffs should have discovered the alleged breach of duty no later than November 24, 1986, the date on which a judgment of foreclosure was entered against the property. Defendants urge that the complaint was not filed until seven years later, on December 28, 1993, and therefore was not filed in the time prescribed by section 13—205.

Plaintiffs, on the other hand, claim that their cause

---

[1]In previous litigation involving these plaintiffs, *Armstrong v. Resolution Trust Corp.*, 157 Ill. 2d 49 (1993), we observed that Chillicothe Federal obtained a judgment by confession against plaintiffs in the amount of $257,351.43, and that Security Savings obtained a deficiency judgment against plaintiffs in the amount of $24,008.07. Both of those judgments resulted from the fact that the unassumed mortgages were in default when the buyers stopped making payments within two years of the date of the closing. It is that confession of judgment as well as the deficiency judgment which appear to be the basis for plaintiffs' request for $1 million in compensatory damages.

of action is governed by the 10-year statute of limitations for written contracts. 735 ILCS 5/13—206 (West 1992). In contrast to the general five-year statute of limitation, section 13—206 provides in relevant part:

> "[A]ctions on bonds, promissory notes, bills of exchange, written leases, *written contracts*, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued ***." (Emphasis added.) 735 ILCS 5/13—206 (West 1992).

Plaintiffs argue that the implied duty of fidelity and loyalty was as much a part of the written contract as were the terms expressly stated therein. According to the plaintiffs, because the breach occurred on December 31, 1983, the date of the closing, the complaint filed on December 28, 1993, was timely filed.

The circuit court granted defendants' motions to dismiss, and plaintiffs appealed. On appeal, a majority of the appellate court reversed the circuit court's decision and remanded the matter for further proceedings. 273 Ill. App. 3d 85. The court found that "the law which imposes a fiduciary duty upon an agent becomes a part of the written contract between the parties even though the duty is not expressly stated in that contract," and thus the ten-year period of limitations applied. 273 Ill. App. 3d at 88. We now reverse the appellate court.

## Analysis

The determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action. *Williams v. Ali*, 145 Ill. App. 3d 458, 463 (1986); *Weaver v. Watson*, 130 Ill. App. 3d 563, 567 (1984). We have long held that "it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162 (1974); *Handtoffski v. Chicago*

*Consolidated Traction Co.*, 274 Ill. 282 (1916). Thus, even though isolated allegations in a tort complaint may speak in terms of a contractual breach, the claim is not necessarily afforded the longer, 10-year period of limitations applicable to actions based on written contracts. *Schreiber v. Eastern Airlines, Inc.*, 38 Ill. App. 3d 556 (1976) (applying personal injury limitations to coffee burn inflicted by careless flight attendant despite victim's attempt to frame complaint as breach of contract). A party simply may not circumvent a shorter period of limitations, or attempt to breathe new life into a stale claim, merely by means of artful pleading.

In the present case, defendants argue that the appellate court erred in holding that plaintiffs' claim qualifies as an "action on a written contract" within the meaning of section 13—206. Plaintiffs contend that their complaint comes within the purview of that statute, even though the fiduciary duty sued upon is not expressed in a written contract, but rather is *implied* in law. Despite their divergent contentions, both parties cite cases from parol evidence jurisprudence in an attempt to clarify the meaning of the phrase "action on a written contract." See, *e.g.*, *Ames v. Crown Life Insurance Co.*, 85 Ill. App. 3d 203 (1980); *In re Estate of Garrett*, 24 Ill. App. 3d 895 (1975). Those cases, however, are inapposite to the case at bar.

In the parol evidence cases, the dispositive question is whether evidence of oral representations is necessary to establish the existence of a written contract. If such evidence is required, then the contract is treated as oral for purposes of the statute of limitations. In other words, where a party is claiming a breach of a written contract, but the existence of that contract or one of its essential terms must be proven by parol evidence, the contract is deemed oral and the five-year statute of limitations applies.

For example, in *Toth v. Mansell*, 207 Ill. App. 3d 665 (1990), the owner of a supply company sought to recover monies owed by defendant under an open account. The owner claimed that certain invoices and monthly statements established either a written contract or other evidence of indebtedness. As a result, the owner argued, the 10-year statute of limitations for written contracts applied. Ill. Rev. Stat. 1989, ch. 110, par. 13—206, now codified at 735 ILCS 5/13—206 (West 1994).

In rejecting that argument, the appellate court initially noted that Illinois courts strictly interpret the meaning of a "written" contract. It then stated that "[a] contract is considered written for purposes of the statute of limitations if all essential terms are reduced to writing and can be ascertained from the instrument itself." *Toth*, 207 Ill. App. 3d at 669 (citing *Brown v. Goodman*, 147 Ill. App. 3d 935 (1986), and *Clark v. Western Union Telegraph Co.*, 141 Ill. App. 3d 174 (1986)). Importantly, the court recognized that if "parol evidence is necessary to make the contract complete, then the contract must be treated as oral for purposes of the statute of limitations." *Toth*, 207 Ill. App. 3d at 669 (citing *Clark*, 141 Ill. App. 3d 174, *Weaver v. Watson*, 130 Ill. App. 3d 563 (1984), *Novosk v. Reznick*, 323 Ill. App. 544 (1944)).

Applying these principles, the court in *Toth* reasoned that, because the invoices and monthly statements did not contain any promise to pay on the part of the defendant, the "plaintiff must introduce some parol evidence, whether it be plaintiff's rendering of statements to defendant, defendant's lack of objection or the prior dealings between the parties." *Toth*, 207 Ill. App. 3d at 670-71. Since resort to parol evidence was necessary to prove defendant's obligation to pay under the written invoices, the court concluded that the agreement for payment between the parties was in fact an oral contract. Conse-

quently, it applied the shorter period of limitations found in section 13—205.

However, in contrast to *Toth* and similar cases, *e.g.*, *Ames v. Crown Life Insurance Co.*, 85 Ill. App. 3d 203 (1980), the case at bar does not involve the necessity of introducing parol evidence of oral representations. Rather, the instant case involves an implied, extracontractual legal duty which arises by virtue of, and as an incident to, the written contract. Thus, we are not concerned with oral representations and what effect those representations may have on a written document for statute of limitation purposes. We are here concerned with whether a breach of an implied legal duty qualifies as an action "on a written contract," particularly in the absence of allegations in plaintiffs' complaint that the contract itself was breached. Consequently, the parol cases are of limited value in resolving the issue in the case *sub judice*. We must therefore look to other authority to see whether this cause of action for breach of an implied legal duty constitutes an "action on a written contract."

Surprisingly, with the exception of those cases involving the parol evidence rule, courts in this state have had infrequent occasion to interpret the phrase "action on a written contract." This is particularly true where the written contract includes duties implied in law, and the person seeking relief is asserting a breach of that implied duty. We do note, however, that an Illinois decision which has previously considered an action based on breach of an implied fiduciary arising from a written contract applied the five-year rather than the 10-year period of limitations. *Luminall Paints, Inc. v. La Salle National Bank*, 220 Ill. App. 3d 796 (1991). The appellate majority in the case at bar distinguished *Luminall* as well as another case, *Anderson v. Doss*, 133 Ill. App. 2d 798 (1971), on the grounds that "[i]n neither

case was the fiduciary duty implied as a matter of law in a written agency contract." 273 Ill. App. 3d at 87. While this distinction is valid as to *Anderson*, it does not hold true for *Luminall*. In *Luminall*, the fiduciary duty was implied as a matter of law in a written agreement which terminated a master lease. The plaintiff there specifically alleged in its breach of fiduciary duty count that the defendant agreed to act as plaintiff's agent by virtue of the written termination agreement. Citing section 13—205, the same provision relied on by defendants in this case, the *Luminall* court held that "[i]n Illinois the statute of limitations for breach of fiduciary duty is five years." *Luminall*, 220 Ill. App. 3d at 803.

*Luminall* notwithstanding, plaintiffs urge this court to uphold the appellate majority and apply the 10-year statute of limitations solely on the grounds that the implied fiduciary duty arose from a written document. We decline plaintiffs' invitation. To adopt such a simplistic and formulaic approach would elevate form over substance, and in the process would undermine the court's obligation to look behind the allegations in a complaint to discover the true character of plaintiffs' cause of action. *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162 (1974). Moreover, the fact that the origin of a cause of action may ultimately be traced to a writing has never been sufficient, standing alone, to automatically warrant application of the period of limitations governing written contracts. For example, in *Rozny v. Marnul*, 43 Ill. 2d 54 (1969), this court rejected plaintiffs' contention that the 10-year statute of limitations should govern an action for tortious misrepresentation even though a land surveyor's guarantee of accuracy was in writing. In reaching its decision, this court stressed that "to hold the written contract statute of limitations applicable to this action[ ] would be incompatible with our

emphasis upon the fact that the basis of liability affirmed herein is *not* contractual in nature." (Emphasis in original.) *Rozny*, 43 Ill. 2d at 69. See also *Cooper v. United Development Co.*, 122 Ill. App. 3d 850, 858 (1984) (applying the all-inclusive five-year period of limitations to a breach of an implied warranty of habitability over plaintiffs' contention that the 10-year period controlled); *Sabath v. Mansfield*, 60 Ill. App. 3d 1008, 1015 (1978) ("[a] suit for fraud committed in the breach of a written contract is governed by the five year statute applicable to all other civil actions not otherwise provided for").

Since the mere existence of a writing does not always, or in all circumstances, mandate application of the 10-year statute of limitations, the question remains as to what constitutes "an action on a written contract" within the meaning of section 13—206. 735 ILCS 5/13—206 (West 1992). The essence of any contractual action is found in the agreement's promissory language. Thus, it is only where liability emanates from a breach of a contractual obligation that the action may be fairly characterized as "an action on a written contract." The focus of the inquiry is on the nature of the liability and not on the nature of the relief sought. *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162 (1974). It is irrelevant whether the aggrieved party seeks monetary damages, specific performance, rescission or restitution. As long as the gravamen of the complaint rests on the nonperformance of a contractual obligation, section 13—206 applies.

By way of contrast, where a party advances a breach of a duty that arises by operation of the law, the action is no longer contractual in nature, but delictual. Stated otherwise, a claim for a breach of a legal duty, as opposed to a breach of a contractual promise, is in essence an action *ex delicto*. The difference between the two breaches lies, in historical terms, in the distinction be-

tween an action in *assumpsit* and an action in *case*. See, *e.g., Fidelity Trust Co. v. Poole*, 136 Ill. App. 266, 273 (1907) ("For a breach of the duty an agent owes to his principal, the action may be in *assumpsit* for the breach of the implied promise, or in *case* for the breach of the implied duty").

Although a party may often proceed under either contract theory or tort theory upon the same set of facts (*Board of Education of Community Consolidated School District No. 54 v. Del Bianco & Associates, Inc.*, 57 Ill. App. 3d 302, 306 (1978)), it does not follow that the contract action and the tort action merge into a single cause. Consequently, a party may not file suit based on one theory, and then procedurally defend against a statute of limitations challenge by claiming a different theory in order to benefit from a longer statute of limitations which is applicable to a cause of action which is different from that filed by plaintiff. See, *e.g., Handtoffski v. Chicago Consolidated Traction Co.*, 274 Ill. 282 (1916) (plaintiff unsuccessfully attempted to avoid shorter period of limitations by amending his action in *case* to an action in *assumpsit*); *Halleck v. County of Cook*, 264 Ill. App. 3d 887 (1994) (court rejected plaintiff's attempt to characterize claim for retaliatory discharge as "contractual" in nature in order to claim benefit of longer period of limitations). This appears to be what has happened in the case at bar: plaintiffs' complaint alleged a cause of action for breach of an implied fiduciary duty based upon certain purported misrepresentations made by defendants, but plaintiffs' response to defendants' motion to dismiss claimed a different theory, *i.e.*, breach of a written sales agency agreement.

Contrary to plaintiffs' argument on appeal, a review of the allegations in the complaint reveals that plaintiffs do not seek damages for defendants' failure to perform the contractual duties in the listing agreement. Rather,

plaintiffs claim that defendants, in their legal status as agents, breached a general duty to disclose all material information, resulting in a compensable injury to plaintiffs. Specifically, paragraph 18 of the complaint alleges in pertinent part:

"a. Defendants failed to disclose to Plaintiffs that the individual businessmen Buyers of the Property were not assuming the first mortgage loans at Chillicothe Federal Savings and Loan Association and Security Savings and Loan Association.

b. Defendants Walter F. Guigler and Russell V. Smith misrepresented to the Plaintiffs that the first mortgage loans at Chillicothe Federal Savings and Loan and Security Savings and Loan Association were being assumed by the individual businessmen buyers when, in fact, such loans were not being assumed by the Buyers."

We note that the only difference between subparagraphs (a) and (b) is that the latter includes the conclusory allegation of active misrepresentation and further limits the charge to defendants Guigler and Smith. It is clear that plaintiffs do not seek recovery for any damages resulting from the nonperformance of contractual obligatiòns. To the contrary, plaintiffs are asserting a breach of an implied fiduciary duty based on defendants' failure to disclose that the buyers chose not to assume the mortgages. However, the alleged agreement providing the buyers with a right to assume the mortgages was oral and never reduced to writing or made a part of the real estate listing agreement. Consequently, plaintiffs' claim is not itself an action on a written contract, but is collateral to the contract. Although a written contract may have given birth to a duty to disclose, that fact alone is not dispositive. As seen in other contexts, although a cause of action's lineage may be traced to a writing does not necessarily mean that section 13—206 is implicated.

A breach of an implied fiduciary duty is not an action *ex contractu* simply because the duty arises by legal

implication from the parties' relationship under a written agreement. In fact, a fiduciary relationship is founded on the substantive principles of agency, contract *and* equity. *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 445 (1989). It is precisely because a fiduciary relationship is an amalgamation of various aspects of legal jurisprudence that a purely contractual statute of limitations is inapplicable to a breach thereof. Consequently, only the five-year statute of limitations for all civil actions not otherwise provided for is truly consonant with the distinctive characteristics of this cause of action, regardless of the fact that, in this case, the fiducial relationship arose from a written contract.

The Seventh Circuit Court of Appeals recently alluded to the unique character of the fiduciary duty in holding that the five-year statute of limitations governed a breach of implied fiduciary duty under Illinois law. *Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332 (7th Cir. 1992). The *Havoco* court stated:

"[A] plain reading of the two statutes of limitations demonstrates that the district court correctly applied the five-year limitations period. The ten-year limitations period in section 13—206 applies only to actions on written contracts or other written evidence of indebtedness; a breach of fiduciary duty claim is not such an action. Section 13—205 applies to all torts, actions on oral contracts, and 'all civil actions not otherwise provided for.' A breach of fiduciary duty claim is an action 'not otherwise provided for' in the Illinois statutes of limitations." *Havoco*, 971 F.2d at 1337.

Because a fiduciary relationship is unique in nature, as explained above, we find the reasoning of the court in *Havoco* to be persuasive. That same reasoning also leads us to reject plaintiffs' contention that the appellate court correctly relied on *Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.*, 111 F.2d 875 (7th Cir. 1940), and *Schiro v. W.E. Gould & Co.*, 18 Ill. 2d 538 (1960). In *Economy*, a property owner sued a contractor

for breach of an agreement to install concrete piles for use as building supports. The owner alleged that the contractor held itself out to the public "as possessing expert knowledge, skill and experience in such work and as constantly furnishing to its clientele material and workmanship suited to the purpose for which it might be intended." *Economy*, 111 F.2d at 876. Elsewhere in the complaint, the owner repeated the allegation that the contractor agreed to install the piles in a workmanlike manner. Significantly, the owner sued for breach of contract for failure to perform the contract.

The contractor, by way of confession and avoidance, raised the statute of limitations for actions on unwritten contracts, claiming that the parties' written agreement never explicitly spoke in terms of a workmanlike performance. According to the contractor, those counts in the complaint sounding in contract should be governed by the five-year statute of limitations. The court of appeals rejected this argument, holding that performance in a workmanlike manner was implied in the contract as a result of the parties' contractual intent. Accordingly, the court applied the 10-year statute of limitations for written contracts.

What distinguishes *Economy* from the present case is the fact that the plaintiff there specifically sued for breach of contract based upon the nonperformance of a contractual obligation. Plaintiffs in the case at bar elected not to sue for breach of contract, but chose instead to file a suit for breach of an implied fiduciary duty. Moreover, the duty to perform in a workmanlike manner is solely a contractual promise. A fiduciary duty, on the other hand, is an extracontractual, legal duty which often arises even in the absence of a contract. The fact that both duties may arise by implication in the context of written contract is the only similarity between the two. That similarity, though, is irrelevant in

determining which statute of limitations should apply to specific facts.

Likewise, *Schiro* merely involved the failure on the part of the defendant to construct a sewer system in accordance with the then existing City Code of Chicago. This court simply held that the code violations were tantamount to a breach of contract even though the construction contract was silent as to the code's requirements. *Schiro*, 18 Ill. 2d at 546. We fail to see, however, how this court's holding in *Schiro* advances plaintiffs' proposition that a claim for breach of an implied fiduciary duty constitutes an action on a written contract for purposes of the statute of limitations. Indeed, *Schiro* does not even discuss the issue.

Finally, applying the five-year statute of limitations for "all civil actions not otherwise provided for" to the case at bar, we note that although defendants did not support their section 2—619 motions to dismiss with either a copy of the judgment of foreclosure or an affidavit in compliance with Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)), plaintiffs apparently do not dispute that on May 1, 1986, Chillicothe Federal obtained a judgment by confession against plaintiffs as to one parcel, and that on November 24, 1986, Security Savings obtained a judgment of foreclosure against a second parcel. At a minimum, plaintiffs should have discovered the purported breach of fiduciary duty as of May 1, 1986. The complaint, however, was not filed until December 28, 1993, well beyond the time allotted by section 13—205. Thus, the action is not timely.

We hold that the cause of action filed by plaintiffs is independent of and only incidental to the written contract. For the foregoing reasons, we hold that the residual, five-year statute of limitations applies to the breach of an implied fiduciary duty alleged in the case

at bar. Accordingly, we reverse the decision of the appellate court and affirm the circuit court's ruling.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

CHIEF JUSTICE BILANDIC, dissenting:

I strongly disagree with the majority opinion affirming the dismissal of the plaintiffs' complaint on statute of limitations grounds. The plaintiffs' action is clearly one for breach of a written contract and, thus, is governed by the 10-year statute of limitations established in section 13—206 of the Code of Civil Procedure.

Even a cursory analysis of the plaintiffs' complaint reveals that it raises a cause of action for breach of a written contract. The contract is a standardized "Multiple Listing Service" agreement entered into between the plaintiffs and defendant Russell Smith, a real estate agent for defendant Bob Smith Agency. By virtue of the listing contract, defendants Smith and the Bob Smith Agency became agents of the plaintiffs in connection with the sale of the plaintiffs' property. Under the express terms of the contract, the plaintiffs agreed to pay a 5% commission to the defendants if the property was sold during the term of the contract, and the defendants obligated themselves to list the property with the Peoria multiple listing service and to use diligence in procuring a purchaser. The defendants' duty to the plaintiffs under the contract, however, did not end there. Implied as a matter of law into that contract was that the defendant agents owed the plaintiffs a fiduciary duty to disclose all material facts regarding the sale of the plaintiffs' property and to act with loyalty and fidelity. This implied term was as much a part of the listing contract as if it had been expressly stated therein. *Schiro v. W.E. Gould & Co.*, 18 Ill. 2d 538 (1960); *Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.*, 111 F.2d 875 (7th Cir. 1940).

It was this fiduciary duty which the plaintiffs' complaint charged was breached by the defendants. The complaint set forth factual allegations establishing the defendants' breach. According to the complaint, Smith, purporting to act as the plaintiffs' sales agent, submitted a proposal to purchase the plaintiffs' property on behalf of himself and several other undisclosed buyers. The proposal, which the plaintiffs ultimately accepted, included an agreement that the undisclosed buyers would assume the plaintiffs' mortgage on the property. Both Smith and another agent, Walter Guigler, who was also the chief operating officer of the bank holding the plaintiffs' mortgages, knew that the buyers had no intention of assuming the mortgage. The plaintiffs, unaware of this secret intent, consummated the sale. Pursuant to the terms of the contract, the defendants were paid a real estate commission exceeding $18,000. Agents Smith and Guigler and the owner of the Bob Smith Agency each received a portion of this commission. These facts, if true, clearly allege a breach of the defendants' fiduciary duty to the plaintiffs implied in the listing agreement.

The majority, however, concludes that the plaintiffs' cause of action is not an "action on a written contract" and is therefore barred by the five-year statute of limitations found in section 13—205 of the Code. The precise rationale for the majority decision is unclear. Several portions of the opinion suggest that the majority's ultimate conclusion rests upon a finding that the plaintiffs' complaint did not adequately allege a cause of action for breach of contract. For example, the majority claims that "a review of the allegations in the complaint reveals that plaintiffs do not seek damages for defendants' failure to perform the contractual duties in the listing agreement." 174 Ill. 2d at 292.

The majority does not accurately characterize the

allegations of the plaintiffs' complaint. The plaintiffs' complaint clearly sought to impose liability on the defendants for breach of a duty arising out of the listing contract. The contract was attached to the complaint as an exhibit, obviously to satisfy the Code of Civil Procedure's requirement that, where a claim is founded upon a written instrument, a copy of the writing must be attached to the pleading or recited therein. 735 ILCS 5/2—606 (West 1992). Paragraph 17 of the complaint alleges that "[p]ursuant to the Listing Contract as agents of Plaintiffs, Defendants had a duty to disclose to Plaintiffs all material facts regarding the sale of Plaintiffs' Property, and a duty of loyalty and fidelity." Paragraph 18 describes the manner in which the defendants breached the contract, stating: "In violation of the Listing Contract and the duties owed by Defendants to Plaintiffs as Plaintiffs' agents, Defendants failed to disclose all material facts regarding the sale of the Property and failed to perform their duties of loyalty and fidelity to the plaintiffs." That paragraph then goes on to detail the particular breaches at issue, stating that "[s]uch breach under the Listing Contract includes the following:" (1) the failure to disclose that the buyers did not intend to assume the mortgage; (2) the active misrepresentation that such assumption would occur; and (3) the failure to disclose that Guigler was to receive 25% of the sales commission. In view of these explicit allegations, I am bewildered by the majority's claim that the plaintiffs' complaint "do[es] not seek damages for defendants' failure to perform the contractual duties in the listing agreement." 174 Ill. 2d at 292.

It is evident that the plaintiffs have sued the defendants for breach of the written listing contract. Absent the listing contract, there is no agency relationship and the defendants have no independent obligation to act in good faith and with loyalty to the plaintiffs. It

is the written contract alone which created the agency relationship from which the implied contractual obligations flow. It is true that an implied fiduciary duty can arise even absent a written contract. However, that is not the situation in this case. Here, the implied contractual obligations flow solely from the written listing contract that created the agency relationship between the plaintiffs and the defendants. Because the plaintiffs' cause of action clearly emanates from breach of a duty arising from a written contract, the 10-year limitations period applicable to actions on written contracts should govern.

Although it is unclear, the majority opinion may also rest upon an alternative finding that breach of an *implied*, rather than express, contractual term will always be governed by the five-year limitations period. Such a conclusion, however, is inconsistent with our courts' prior holdings. In *Schiro v. W.E. Gould & Co.*, 18 Ill. 2d 538 (1960), this court determined that contracts are not limited to the terms expressly set out in a writing. Rather, the law existing at the time and place of making the contract necessarily forms a part of the written contract, as though expressly incorporated therein. *Schiro*, 18 Ill. 2d at 544. Consequently, the defendants' duty to disclose material facts relating to the sale of the plaintiffs' property was incorporated into the listing contract as fully as if expressly stated therein. Our courts have also held that a cause of action is not removed from the 10-year limitations period governing written contracts simply because the action arises from an implied legal duty incorporated into the written contract. *Board of Education of Community Consolidated School District No. 54 v. Del Bianco & Associates, Inc.*, 57 Ill. App. 3d 302 (1978); *Stanley v. Chastek*, 34 Ill. App. 2d 220 (1962); see also *Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875.

The rationale underlying these rules is that the parties to the contract would have expressed that which the law implies " 'had they not supposed that it was unnecessary to speak of it because the law provided for it.' " *Schiro v. W.E. Gould & Co.*, 18 Ill. 2d 538, 544 (1960), quoting 12 Ill. L. & Prac. *Contracts* § 154, at 399 (1983). Thus, the 10-year limitations period governing actions on written contracts applies to the present action even though the contractual duty breached is an implied term in the written contract, rather than a term expressly set out in the writing.

In closing, I note that this is the second time this court has deprived the plaintiffs of a remedy for the fraud and deceit practiced upon them by various defendants involved in the sale of the plaintiffs' property. In a prior case, the plaintiffs obtained a $1,133,000 judgment against the Resolution Trust Corporation, as receiver of Chillicothe Federal Savings & Loan Association, based on the savings and loan's fraudulent misrepresentations to the plaintiffs. One of the principal actors in the misrepresentation was one of the defendants in this action, Walter F. Guigler, who was the chief operating officer for the savings and loan at the time the plaintiffs sold their property. This court ultimately reversed the judgment for the plaintiffs, finding that the receiver of a failed savings and loan association enjoyed immunity under the *D'Oench* doctrine and its statutory codification, 12 U.S.C. § 1823(e) (1994). *Armstrong v. Resolution Trust Corp.*, 157 Ill. 2d 49 (1993) (*Armstrong I*). The plaintiffs filed the present action shortly after this court entered its order in *Armstrong I.* The majority opinion improperly deprives the plaintiffs of their opportunity to obtain redress from the defendants who not only breached the fiduciary duties that formed the very essence of the written listing contract, but also accepted a substantial commission for allegedly performing those duties in accordance with that contract.

For the foregoing reasons, I respectfully dissent.

JUSTICES HARRISON and NICKELS join in this dissent.