Richard PENDLETON & Marcia Doering, Plaintiffs–Appellees,

v.

Brian PENDLETON, Defendant–Appellant.

Richard Pendelton & Marcia Doering, Plaintiffs–Appellants,

v.

LaSalle National Bank, N.A., Defendant–Appellee.

Nos. 01–1315, 01–1618, 02–2255, 02–2395.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

In 1987 Esther Pendleton died leaving an irrevocable trust as the beneficiary of her estate and her three children Richard, Marcia, and Brian as equal beneficiaries of the trust. In 1998 Richard and Marcia ("plaintiffs") sued Brian for waste and mismanagement of the estate and sued LaSalle National Bank, the trustee and administrator of the estate, for state-law tort claims. The district court entered judgment against Brian for $491,377.20 and granted summary judgment for LaSalle. Before us now are four consolidated appeals: Brian appeals the denial of his two motions for relief from judgment under Federal Rule of Civil Procedure 60(b) (Nos. 01–1315 & 01–1618); plaintiffs appeal the summary judgment for LaSalle on their negligence and breach-of-fiduciary-duty claims (No. 02–2255), as well as the partial summary judgment for LaSalle on their conversion claims (No. 02–2395).

With respect to Brian's appeals, we affirm and dismiss; with respect to plaintiffs' appeals, we reverse and remand in part and affirm in part.

In September 1987 Brian, along with an associate, was named co-administrator of Esther's open estate. The estate's primary asset was a house, which Brian immediately began living in without paying rent. Then, in order to delay sale of the house, Brian undertook a "rehabilitation" project that resulted in damage to the house and encumbered the property with a $200,000 mortgage. He also converted limited-partnership assets belonging to the estate to his own name. In 1991 plaintiffs successfully petitioned to have Brian and his associate removed as administrators and to have LaSalle, which also acted as trustee and had previously administered Esther's disabled estate in 1986, appointed instead as administrator. Brian meanwhile continued to live in the house until he was forcibly ejected in 1993. During this interval and following his removal he filed a number of frivolous motions to further delay sale of the house. These efforts notwithstanding, the house was sold later that year at auction in a "gutted," "as is" condition for $816,000 (subject to the $200,000 mortgage). In July 1998 plaintiffs sued Brian for fraud and breach of fiduciary duty for wasting the estate's assets.

At the same time the plaintiffs also sued LaSalle for negligence and breach of fiduciary duty. They alleged that LaSalle was negligent and breached its fiduciary duties as trustee and as administrator of the estate by (1) not protecting the estate's assets from depletion by Brian; (2) investing the estates assets in money-market accounts managed by LaSalle rather than in more profitable investments; and (3) failing to close the estate and distribute its assets in a timely manner. The plaintiffs also added two conversion claims based on LaSalle's failure to distribute the trust's assets following the closing of the estate.

In January 1999 the district court granted plaintiffs' motion for a default judgment against Brian after he failed, despite repeated continuations, to answer their complaint. On September 23, the district court, following a hearing, entered judgment against Brian for $491,377.20. After filing multiple post-judgment motions Brian appealed the judgment to this court, but we dismissed the appeal for want of prosecution on December 6, 2000. Brian then filed a number of motions in district court–two of which are relevant here. First, he filed a Rule 60(b) motion on December 21, 2000, which the district court denied on January 9, 2001. Brian appealed that decision on February 8 (this is No. 01–1315). Second, he filed another Rule 60(b) motion (to reconsider his previous 60(b) motion) on February 16, which the district court denied on February 26. He appealed that decision on April 12 (this is No. 01–1618).

Meanwhile, in February 2000 the district court denied motions for partial summary judgment that both the plaintiffs and LaSalle had filed on the conversion claims. After LaSalle distributed some of the trust's assets to the plaintiffs, the parties again filed motions for partial summary judgment on the conversion claims. In June the district court denied plaintiffs' motion but granted LaSalle's motion. Then, in April 2002, the district court granted LaSalle's motion for summary judgment on the remaining claims of negligence and breach of fiduciary duty, concluding that the claims were barred by Illinois's five-year statute of limitations.

Brian's appeals require brief discussion. The notice for Brian's second appeal was filed more than 30 days after the district court denied his second Rule 60(b) motion; this appeal is untimely and

therefore dismissed. Fed. R.App. P. 4(a)(1)(A); *Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 189 F.3d 556, 558 (7th Cir.1999). The first appeal was timely but only as to the denial of his initial Rule 60(b) motion. In addition to making legal arguments attacking the underlying judgment, Brian contends that the judgment is void for lack of subject matter jurisdiction based on a failure to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1332(a). But Rule 60(b) is not a vehicle for correcting putative legal errors in an underlying judgment or errors that could have been challenged on direct appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir.2000). And while a void judgment may be a valid ground for relief under Rule 60(b), *see Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir.2002), a collateral challenge to subject matter jurisdiction, such as Brian's here, is not valid because it could have been raised on direct appeal, *Bell*, 214 F.3d at 801. Therefore, the district court correctly denied Brian's motion.

■ Turning to the plaintiffs' appeals, we first discuss the summary judgment for LaSalle on the negligence and breach-of-fiduciary-duty claims. We review the district court's grant of summary judgment de novo. *Traylor v. Brown*, 295 F.3d 783, 787 (7th Cir.2002). Under Illinois law, which applies in this diversity jurisdiction case, the applicable statute of limitations for these claims is five years.[1] 735 ILCS 5/13–205; *Armstrong v. Guigler*, 174 Ill.2d 281, 220 Ill.Dec. 378, 673 N.E.2d 290, 292–97 (1996); *Havoco of America, Ltd. v.*

*Sumitomo Corp. of Am.*, 971 F.2d 1332, 1337 (7th Cir.1992). Claims accrue, commencing the limitations period, when "the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused." *Belleville Toyota, Inc. v. Toyota Motor Sales, Inc.*, 199 Ill.2d 325, 264 Ill.Dec. 283, 770 N.E.2d 177, 192 (2002); *Knox Coll. v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 430 N.E.2d 976, 980 (1981).

■ The district court concluded that the claims were barred because the plaintiffs knew between 1987 and 1991 of some of LaSalle's conduct that they claimed was negligent or breached a fiduciary duty but they did not file suit until July 1998. The court pointed out, for example, that the plaintiffs were aware (1) in 1987 that La-Salle did not prevent Brian from living rent free; (2) in 1988 that LaSalle did not prevent Brian from converting assets and damaging the house and did not oppose the mortgage; and (3) in 1991, when La-Salle became administrator, that it was not pursuing actions against Brian and was investing the estate's assets in LaSalle-owned money-market accounts.

The plaintiffs argue that the district court erred in dismissing the claims in their entirety because some of LaSalle's alleged conduct occurred after July 1993, and therefore is within the five-year limitations period. Under Illinois law, each tortious act that the plaintiffs alleged should be treated as a separate incident for statute-of-limitations purposes. *Belleville*, 264 Ill.Dec. 283, 770 N.E.2d at 192–93; *see*

---

1. The plaintiffs contend, incorrectly, that some of their allegations are governed by Illinois's ten-year statute of limitations for claims regarding written documents, 735 ILCS 5/206, because some of LaSalle's duties relate to a written trust agreement. The Illinois Supreme Court has rejected this argument. *Armstrong v. Guigler*, 174 Ill.2d 281, 220 Ill.Dec. 378, 673 N.E.2d 290, 295–96

(1996). Claims for breach of fiduciary duty, even when they can be traced to a written document, are subject to the five-year limitations period. *Id.* The plaintiffs did not sue LaSalle for breach of contract, which would be subject to the ten-year period, and they cannot change their theory at this stage merely to gain a procedural benefit. *See id.* at 295–96.

also *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill.App.3d 796, 163 Ill.Dec. 240, 581 N.E.2d 191, 195 (1991); *Nat'l Bank of Monticello v. Doss*, 141 Ill.App.3d 1065, 96 Ill.Dec. 292, 491 N.E.2d 106, 109 (1986). In other words, the plaintiffs are barred from recovering for negligent acts or breaches occurring before July 1993, but they are not barred from recovering for conduct occurring after that time. *Belleville*, 264 Ill.Dec. 283, 770 N.E.2d at 192–93. Therefore, the district court erred in dismissing the claims in their entirety merely because the plaintiffs knew about *some* of LaSalle's alleged conduct more than five years before bringing suit.

Some of the alleged conduct, as the district court concluded, is outside the limitations period, but some may not be. For example, the plaintiffs alleged LaSalle was negligent and breached a fiduciary duty in taking an unreasonable amount of time to close the estate and the trust and to distribute the assets; any such negligence or breach may have occurred after July 1993. The house was sold in April 1993, but LaSalle had not yet closed the estate when the plaintiffs filed suit in July 1998 and have not yet distributed all of the assets. Therefore, if LaSalle was negligent or breached a duty, and the negligence or breach occurred after July 1993, then the plaintiffs' claims, as they relate to this conduct, would not be barred. But whether and when LaSalle was negligent or breached a duty, as well as when the plaintiffs knew it, are currently unresolved factual questions. *Knox*, 58 Ill.Dec. 725, 430 N.E.2d at 980–81; *Monticello*, 96 Ill.Dec. 292, 491 N.E.2d at 109; *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 283 (7th Cir.1994). Therefore, we remand this judgment for further proceedings to resolve these factual issues.

■ Finally, the plaintiffs challenge the grant of summary judgment for LaSalle on their conversion claims. Plaintiffs' alleged LaSalle converted their property because it has not yet distributed a portion of the trust's assets. They contend that LaSalle is holding on to these assets (1) because the plaintiffs are proceeding with this lawsuit (they believe LaSalle is holding the money "ransom") and (2) to pay attorneys' fees it would be entitled to should it prevail in defending this suit. The district court granted summary judgment for LaSalle on these claims because the plaintiffs did not offer any evidence to show LaSalle was holding the assets for these purposes rather than merely "winding up" the estate. In order to succeed on these claims the plaintiffs needed to offer evidence that LaSalle's possession was unauthorized and that they were entitled to immediate possession. *Stathis v. Geldermann, Inc.*, 295 Ill.App.3d 844, 229 Ill.Dec. 809, 692 N.E.2d 798, 806 (1998). We agree with the district court that the plaintiffs failed to show that LaSalle was unauthorized in possessing the assets because of its delay in distributing the assets. Moreover, the plaintiffs already have a remedy for breach of fiduciary duty for any unreasonable delay in distributing the trust's assets. *Continental Ill. Nat'l Bank and Trust Co. of Chicago v. Roan*, 617 F.2d 1217, 1223 (7th Cir.1980); *cf. Leigh v. Engle*, 858 F.2d 361, 365 (7th Cir.1988) (ERISA). Because plaintiffs have alleged that LaSalle breached a fiduciary duty in not closing the trust or distributing assets in a timely manner, any unreasonable delay by LaSalle is already a part of that claim.

Accordingly, appeal No. 01–1618 is DISMISSED; in appeals No. 01–1315 and 02–2395 we AFFIRM; and in appeal No. 02–2255 we REVERSE and REMAND for further proceedings consistent with this order.