# Illinois Official Reports

## Appellate Court

---

### *Prorok v. Winnebago County*, 2017 IL App (2d) 161032

---

| | |
|---|---|
| Appellate Court Caption | CHARLES J. PROROK, Plaintiff-Appellant, v. WINNEBAGO COUNTY, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-16-1032 |
| Filed | December 20, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 16-AR-254; the Hon. Lisa R. Fabiano, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Charles J. Prorok, of Rockford, appellant *pro se*.<br><br>Joseph P. Bruscato, State's Attorney, of Rockford (Charlotte A. LeClercq, Assistant State's Attorney, of counsel), for appellee. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Justices McLaren and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case presents the question of whether a claim for back pay against a public employer under the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/5 (West 2016)) is subject to the 1-year limitations period in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2016)) or the 10-year limitations period applicable to claims arising under the Wage Act (735 ILCS 5/13-206 (West 2016)). We hold today that the Tort Immunity Act does not apply to such claims, and therefore the 10-year limitations period is applicable.

¶ 2    From February 1978 to October 2007, plaintiff, Charles J. Prorok, was employed as an assistant state's attorney by defendant, Winnebago County (County). According to his complaint, when Prorok left the County's employment in October 2007, he had not been paid for 526 hours of accrued and unused vacation time. Under the Wage Act, the "monetary equivalent of earned vacation" is part of the "final compensation" that must be paid to the employee by the next regularly scheduled payday following his or her separation. 820 ILCS 115/2, 5 (West 2016). In August 2016, Prorok filed a single-count complaint in Winnebago County circuit court under the Wage Act, seeking judgment in the amount of $30,142.43 as compensation for his unpaid, unused vacation time.

¶ 3    The County filed a motion to dismiss, which admitted the legal sufficiency of Prorok's complaint (see 735 ILCS 5/2-619(a)(9) (West 2016)), but asserted that his claim was barred by the one-year limitations period in section 8-101(a) of the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2016)). Prorok responded that his claim "d[id] not fall within" the provisions of the Tort Immunity Act and that "the appropriate statute of limitations" was the 10-year limitations period applicable to claims arising under the Wage Act. See 735 ILCS 5/13-206 (West 2016). The County responded in turn that Prorok was essentially seeking "equitable relief" and "damages" and that therefore the Tort Immunity Act's 1-year limitations period prevailed over the 10-year provision—in essence, that the 10-year limitations period applied only to claims against private employers.

¶ 4    The trial court granted the County's motion to dismiss and stated that, because the County was a public employer and because Prorok's Wage Act claim sought monetary or "essentially equitable" relief that could be "characterized as damages," the one-year limitations period applied. Thus, because Prorok's complaint was not brought within one year of his separation from the County, *i.e.*, by October 2008, his complaint was dismissed.

¶ 5    Prorok appeals, and we reverse. We review the trial court's ruling on a motion to dismiss *de novo*. See *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Different legal claims are subject to different statutes of limitations. To determine the applicable statute of limitations, a court must focus on the nature of the liability and not on the nature of the relief sought. See *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 469 (2008); *Armstrong v. Guigler*, 174 Ill. 2d 281, 286 (1996); *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162 (1974).

¶ 6    The County's arguments focus primarily on whether Prorok's suit, based in part on the Wage Act, has alleged an "injury" as defined by section 1-204 of the Tort Immunity Act. 745 ILCS 10/1-204 (West 2016). That is a matter on which reasonable people could certainly disagree. See, *e.g.*, *Rozsavolgyi v. City of Aurora*, 2016 IL App (2d) 150493, *vacated*, 2017 IL 121048; see also Stephanie M. Ailor, *The Legislature Versus the Judiciary: Defining "Injury"*

- 2 -

*Under the Tort Immunity Act*, 57 DePaul L. Rev. 1021 (2008). However, we need not address this issue because we determine that Prorok's claim for back pay falls within the Act's exception for contract claims.

¶ 7 The purpose of the Tort Immunity Act is to protect local public entities and their employees from liability arising from the operation of government. *Coleman v. East Joliet Fire Protection District*, 2016 IL 117952, ¶ 34. " 'The Tort Immunity Act adopted the general principle that local governmental units are liable in tort, but limited this liability with an extensive list of immunities based on specific government functions.' " *Id.* (quoting *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 192 (1997)). By restricting the class of claims that may be brought against local authorities, "the legislature sought to prevent the diversion of public funds from their intended purpose to the payment of damage claims." (Internal quotation marks omitted.) *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 490 (2001).

¶ 8 In this case, the County and the trial court focused on the fact that Prorok sought "equitable" relief that could be "characterized as damages." What the County and the trial court failed to consider was the nature of the liability Prorok alleged, which is significant because not all damages are of the same type. Claims for damages can arise from the breach of a legal duty (*i.e.*, in tort, or *ex delicti*) or from the breach of a contractual promise (*i.e.*, *ex contractu*). See generally *Armstrong*, 174 Ill. 2d at 291. Section 2-101 of the Tort Immunity Act incorporates this basic distinction when it states that the Tort Immunity Act does not affect "the right to obtain relief other than damages against a local public entity or public employee." 745 ILCS 10/2-101 (West 2016). Then, liability based on contract is the first of several exceptions to the immunities conferred by the Tort Immunity Act. 745 ILCS 10/2-101(a) (West 2016). And we further note that the definition of "injury" in section 1-204, which immunizes liability for a number of official acts, makes no specific reference to contract claims. 745 ILCS 10/1-204 (West 2016).

¶ 9 We determine that Prorok's claim for back pay falls outside the scope of the Tort Immunity Act, under the plain language of sections 2-101 and 1-204. Prorok's claim was for wages for work he already performed, and that claim necessarily arose from his employment with the County. At oral argument, the County emphasized that Prorok was an "at-will employee," but that observation only highlights the crucial point—that employment at-will is essentially a *contractual* relationship, one that is accepted by the employee's having worked for the agreed wages and benefits. See generally *Jones v. Municipal Employees' Annuity & Benefit Fund*, 2016 IL 119618, ¶ 53; *McInerney v. Charter Golf, Inc.*, 176 Ill. 2d 482, 485-89 (1997); see also *Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 943 (7th Cir. 1994) (stating that "[e]mployment at will is of course a contractual relationship"). Similarly, we note that the County's reliance on our decision in *In re Marriage of Murray*, 2014 IL App (2d) 121253, is misplaced. In that case, we held that the Tort Immunity Act barred a claim for statutory penalties against a public employer that had failed to withhold funds from its employee for past-due child support under the Income Withholding for Support Act (750 ILCS 28/35 (West 2010)). *Murray*, 2014 IL App (2d) 121253, ¶ 41. That case is distinguishable from this one, however, because the petitioner in *Murray* had no contractual relationship with her husband's (public) employer.

¶ 10 But in this case, Prorok's claim was based on his contractual relationship with the County, and for the purpose of determining the applicable limitations period, the salient point is that Prorok's complaint sounded in contract. See *Armstrong*, 174 Ill. 2d at 291. This is true regardless of whether the relief Prorok sought was monetary or could be characterized as

"equitable." As another court has explained, claims for front pay and back pay might be " 'equitable' matters, but they still are dollar values." *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000). But again, the focus is on the nature of the liability and not on the relief sought. As our supreme court explained in *Armstrong*, in determining the applicable limitations period, "[i]t is irrelevant whether the aggrieved party seeks monetary damages, specific performance, rescission or restitution. As long as the gravamen of the complaint rests on the nonperformance of a contractual obligation, [the 10-year limitations period in] section 13-206 applies." *Armstrong*, 174 Ill. 2d at 291; see 735 ILCS 5/13-206 (West 2016). Here, the gravamen of Prorok's complaint rested on the County's alleged nonperformance of a contractual obligation; therefore, he had 10 years to bring his back-pay claim.

¶ 11     In sum, we reverse the judgment of the circuit court of Winnebago County and remand this cause to the trial court for further proceedings.

¶ 12     Reversed and remanded.

- 4 -