GREGORY WILSON *et al.*, Plaintiffs-Appellees, v. NICOLA DiCOSOLA, Defendant-Appellant.

Second District   No. 2—03—0604

Opinion filed September 7, 2004.

John C. North, of Borla, North & Associates, P.C., of Downers Grove, for appellant.

Mark C. Gross, of Gross & Boyle, L.L.C., of Hinsdale, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Following a bench trial, the circuit court of Du Page County entered judgment against defendant, Nicola DiCosola, and in favor of plaintiffs, Gregory and Susan Wilson, in the amount of $78,143.15 plus costs. Initially, defendant raised four issues on appeal. However, he later moved to dismiss all but the issues of: (1) whether plaintiffs' damages for loss of use were actually damages for mental distress, which were not recoverable in a breach of contract action, and (2) whether the damages were speculative and not supported by a reasonable method of computation. Accordingly, we consider only these issues.

Plaintiffs own a home in Hinsdale. In late 1998 or early 1999, defendant purchased the property adjoining plaintiffs' residence. Defendant demolished an existing home on his property and proceeded to build a new residence. During construction, defendant's excavator removed an approximately seven-foot-high masonry wall belonging to plaintiffs that was on or near the property line and also removed soil that was on plaintiffs' property. Defendant planned to build a retaining wall between his property and plaintiffs' property.

The parties subsequently entered into a "Construction Excavation Restoration Agreement" (Agreement), which provided in relevant part that defendant would (1) restore the removed soil, (2) pay plaintiffs for restoring their land, and (3) provide, at plaintiffs' election, either a wrought iron fence or a six-foot-high masonry wall at the top of the retaining wall. The Agreement stated that defendant would complete whichever type of fence plaintiffs chose, by July 16, 1999. The Agreement also granted plaintiffs a "non-exclusive license from the property line to the top of the retaining wall to allow maintenance and landscaping of such area by the Wilsons." This license was irrevocable while plaintiffs owned their property. Despite plaintiffs' election of a masonry wall, defendant erected a wrought iron fence on top of the retaining wall in 2000. Defendant claimed that a Village of Hinsdale ordinance limiting the height of a fence or wall prohibited him from erecting a six-foot masonry fence. Plaintiffs brought a breach of contract action against defendant, seeking specific performance of the portion of the Agreement that provided that defendant would erect the type of wall plaintiffs selected and money damages for the loss of use of their backyard patio.

Plaintiff Gregory Wilson testified at trial that, without the masonry wall, he has been unable to use his backyard patio because he has no privacy. His patio looks directly into the kitchen of the neighboring house about 20 feet away (defendant sold the property to a third party during the proceedings below, and a *lis pendens* notice was recorded). Wilson also testified that, because of the lack of privacy, he has not been able to use the strip of land between his property line and the top of the retaining wall, to which defendant granted him a license. Wilson testified that his property is valued at $2.5 million. He sought $25,000 per year for the loss of use of the patio. Wilson said that he arrived at the $25,000 amount because it constitutes 1% of the value of his home.

The trial court granted judgment for plaintiffs, requiring specific performance of the Agreement and awarding damages of $75,000 ($25,000 per year for a three-year period) for loss of use of the patio and $3,143.15 for other damages not at issue on appeal. The court found that plaintiffs lost the "normal, reasonable use of their patio in a manner consistent with having lost what they had before, and that was the privacy wall which separated their property from that subsequently owned by Mr. DiCosola." With respect to the value placed on the loss of use of the patio, the court stated that "the amount testified to by Mr. Wilson of $25,000 is not unreasonable given the value of this property. And the Court can certainly take judicial notice of the relative values of properties in this location in the [V]illage of Hinsdale." Defendant timely filed a notice of appeal from the trial court's judgment.

Defendant argues on appeal that (1) the damages the court awarded to plaintiffs for loss of use of their patio were actually damages for mental distress, which are not recoverable in a breach of contract action, and (2) even if damages for loss of use were appropriate, plaintiffs failed to present a reasonable basis for computing such damages.

■ When a defendant breaches a contract, the plaintiff is entitled to be placed in the same position he would have been in had the contract been performed (*Naiditch v. Shaf Home Builders, Inc.*, 160 Ill. App. 3d 245, 267 (1987)), but the compensation should not provide the plaintiff with a windfall (*Walker v. Ridgeview Construction Co.*, 316 Ill. App. 3d 592, 596 (2000)). A person who breaches a contract can be held liable for any damages that may fairly and reasonably be considered as arising from the breach in light of the facts that the breaching party knew or should have known. *Naiditch*, 160 Ill. App. 3d at 267. Courts have allowed damages for loss of use where a breach deprives a plaintiff of the use of personal property. *Nisbet v. Yelnick*,

124 Ill. App. 3d 466, 471 (1984). We will not disturb a trial court's findings as to damages unless those findings are against the manifest weight of the evidence. *Naiditch*, 160 Ill. App. 3d at 267.

■ This is not a typical loss of use case because the evidence showed that plaintiffs were able to use their patio. They chose not to do so because, due to defendant's failure to build the masonry wall they selected, they did not have the same privacy they previously enjoyed. Thus, it appears that the damages the court awarded plaintiffs are more correctly characterized as loss of enjoyment rather than loss of use. Regardless of how they are characterized, the trial court properly determined that plaintiffs were entitled to such damages. Defendant knew that plaintiffs had a privacy wall before he tore it down. He also knew that plaintiffs wanted him to install a solid masonry wall pursuant to their Agreement. In addition, he knew or should have known that one of the purposes of the masonry wall was to create a privacy barrier between his property and plaintiffs' property. Thus, plaintiffs' damages for loss of enjoyment of their patio resulting from their lack of privacy are fairly and reasonably considered as arising from the breach, in light of the facts that defendant knew or should have known. See *Wright v. Stevens*, 445 So. 2d 791, 798 (Miss. 1984) (holding that, where a contract has been only partly performed, the plaintiff may recover from the defaulting defendant any losses resulting from general or particular requirements and needs that the defendant at the time of contracting had reason to foresee as a probable result of the breach).

Defendant contends that plaintiffs' damages were actually damages for mental distress, which are not available in a breach of contract action. We disagree with defendant's characterization of the nature of the damages and also note that he cites neither facts nor authority in support of this argument. Thus, we reject this argument.

Despite our conclusion that plaintiffs' loss of enjoyment of their patio is a compensable item of damages arising from defendant's breach of the Agreement, we hold that the court committed reversible error in awarding plaintiffs damages of $25,000 per year for a three-year period. As the party seeking to recover, plaintiffs had the burden "not only to establish that [they] sustained damages but also to establish a reasonable basis for computation of those damages." *Naiditch*, 160 Ill. App. 3d at 267. Plaintiffs failed to meet this burden. Consequently, the evidence upon which the trial court relied was not sufficient to support the damages award.

The $25,000-per-year figure propounded by plaintiffs was completely arbitrary and bore no discernible relationship to their use and enjoyment of the patio. The only evidence plaintiffs presented on

this issue was the testimony of plaintiff Gregory Wilson, who stated as follows:

> "As we discussed we have lost the ability to entertain to use that space and in the way that that space really was you know intended to be used by us and the way we used it before the wall came down and so we calculate that. We have lost that privacy and that the value of our home is you know 2.25 to 2.5 million dollars. [One] percent of 2.5 million a year is 25 thousand dollars which seems like a fairly demittimus [*sic*] amount relative to the value of the whole home, and furthermore we have lost the ability to use that 25 percent additional piece of land that you know we otherwise would have that we don't at this point have access to the additional space because it's not private. We are not able to be out there and use it for entertaining purposes."

We are aware of no authority that supports the contention that choosing a random percentage of a property's value is an acceptable and reasonable basis for measuring a plaintiff's damages, even if that percentage is *"de minimis"* when compared to the value of the property as a whole. While in some instances damages for loss of use and enjoyment may be difficult to precisely compute, we believe plaintiffs' damages must bear some relationship to their use and enjoyment of the patio. Merely choosing a percentage of the property's value, without more, does not meet this requirement.

Our research has revealed no Illinois cases addressing what a plaintiff must show in order to establish a reasonable basis for measuring damages for loss of use and enjoyment. An opinion by the Supreme Court of Connecticut, *Johnson v. Flammia*, 169 Conn. 491, 363 A.2d 1048 (1975), is instructive.

The *Johnson* plaintiffs contracted with the defendant to install a swimming pool on their property. After the pool was installed, it buckled due to excessively wet conditions in the pool area. *Johnson*, 169 Conn. at 492-93, 363 A.2d at 1050-51. The plaintiffs alleged that the defendant breached and negligently performed the contract. The jury's award in the plaintiffs' favor included damages for the plaintiffs' loss of use and enjoyment of their swimming pool. *Johnson*, 169 Conn. at 500, 363 A.2d at 1054. Nevertheless, the reviewing court held that the plaintiffs failed to prove the nature and extent of their loss of use and enjoyment of the pool. In so holding, the court stated as follows:

> "The defendants are liable for such damages as the plaintiffs sustained as a result of their loss of use of the pool and an essential element of the plaintiffs' burden of proof is the value of the use of the pool. [Citations.] *** The plaintiffs had the burden of proving the nature and extent of the loss of use." *Johnson*, 169 Conn. at 500-01, 363 A.2d at 1054.

The court went on to note that the plaintiffs did not present any evidence that would have allowed the jury "(1) to approximate the number of days that the pool was unusable, (2) to approximate the extent of the actual or intended use made of the pool by the plaintiffs and their children when the pool was usable and (3) to establish a daily value use of the pool." *Johnson*, 169 Conn. at 501, 363 A.2d at 1054. For this reason, the court set aside the damages for loss of use of the pool.

Like the court in *Johnson*, we hold that plaintiffs in the case at bar had the burden of proving the nature and extent of their loss of use and enjoyment, which would then assist the trier of fact in determining the value of the use and enjoyment of the patio. At a minimum, plaintiffs were required to prove the length of time they were unable to enjoy using the patio as they had prior to the breach, and the nature and extent of their use of the patio prior to the breach. While plaintiffs established the first element, they offered no evidence as to the second. As defendant points out, the record is devoid of any information regarding the size of the patio or how often and for what purpose plaintiffs used it before their privacy wall was torn down.

When a party proves that it has the right to damages but fails to provide a proper basis for computing those damages, only nominal damages may be awarded. *Midwest Software, Ltd. v. Willie Washer Manufacturing Co.*, 258 Ill. App. 3d 1029, 1055 (1994). There was no evidence in this case that the $75,000 that the court awarded plaintiffs for loss of use of their patio bore any reasonable relationship to their actual loss. Because plaintiffs did not establish a reasonable method for computing damages, the trial court's damages award for loss of use lacked a sufficient evidentiary basis and was against the manifest weight of the evidence. Therefore, we affirm the judgment in part, reverse that portion awarding plaintiffs loss of use damages in the amount of $75,000, and modify the judgment to reflect nominal damages for loss of use in the amount of $1.

Affirmed in part and reversed in part; judgment modified.

O'MALLEY, P.J., and KAPALA, J., concur.