# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *United Airlines, Inc. v. City of Chicago*, 2011 IL App (1st) 102299

---

| | |
|---|---|
| Appellate Court Caption | UNITED AIRLINES, INC., Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1–10–2299 |
| Filed | June 13, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In response to a certified question pursuant to Supreme Court Rule 308, as to whether the 1-year limitations period of the Tort Immunity Act barred plaintiff's claim arising out of a single event seeking recovery for property damage and other related losses against defendant city when plaintiff was also a party to a contract with the city and filed a complaint alleging a breach of contract claim seeking recovery of property damage and other related losses within the 10-year limitation period for actions on written contracts, the appellate court answered that the facts pleaded in plaintiff's complaint based on a collision between plaintiff's airplane and defendant's truck during takeoff alleged that the city's liability emanated from a breach of its contractual obligations to keep the airfield area free of foreign matter, to comply with federal regulations, to yield the right-of-way to the airplane and to provide insurance proceeds to cover plaintiff's loss, and therefore plaintiff's action constituted an action on a written contract such that the 10-year limitations period set forth in section 13–206 of the Code of Civil Procedure applied and the 1-year limitations period in section 8–101 of the Tort Immunity Act did not bar plaintiff's claim. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10–CH–04169; the Hon. Mary Anne Mason, Judge, presiding. |
| Judgment | Certified question answered; cause remanded. |
| Counsel on Appeal | SmithAmundsen, LLC, of Chicago (Brandt R. Madsen, of counsel), for appellant. |
| | Baker & Daniels, LLP, of Chicago (Ernest Summers III and Trina K. Taylor, of counsel), for appellee. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion. Presiding Justice Hall and Justice Hoffman concur with the judgment. |

## OPINION

¶ 1    The issue before us on this Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)) appeal is whether the one-year limitations period for civil actions against government entities set forth in section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8–101 (West 2010)) applies to United Airlines, Inc.'s (United) breach of contract action against the city of Chicago (City). United's contract action arose out of a collision between a United plane and a City truck that resulted in property damage and loss of use of the plane. For the reasons that follow, we hold that the 10-year limitations period for actions on written contracts set forth in section 13–206 of the Code of Civil Procedure (the Code) (735 ILCS 5/13–206 (West 2010)), and not the 1-year limitations period of section 8–101 of the Tort Immunity Act, applies here.

¶ 2    United filed a two-count complaint for declaratory judgment and breach of contract against the City. The City filed a motion to dismiss pursuant to section 2–619.1 of the Code (735 ILCS 5/2–619.1 (West 2010)), arguing that: (1) both counts of the complaint failed to state a cause of action and should be dismissed pursuant to section 2–615 of the Code (735 ILCS 5/2–615 (West 2010)); and (2) both counts should be dismissed pursuant to section 2–619(a)(5) of the Code (735 ILCS 5/2–619(a)(5) (West 2010)) as they were thinly veiled tort actions that are barred by the one-year statute of limitations of section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 (West 2010)). The circuit court dismissed the declaratory judgment count for reasons unrelated to this appeal and that count is not before us. As to the

breach of contract count, the circuit court found that it stated a cause of action in all respects except for its failure to allege that United had complied with the contract. Accordingly, the court granted the City's section 2–615 motion to dismiss, but granted United leave to replead. Meanwhile, the court denied the City's section 2–619(a)(5) motion to dismiss the breach of contract count, finding that it was timely filed within the 10-year limitations period for actions on written contracts. See 735 ILCS 5/13–206 (West 2010).

¶ 3 United subsequently filed its amended verified complaint, in which it repleaded count I (for declaratory judgment) solely for the purpose of preserving the circuit court's dismissal for review. United repleaded count II for breach of contract and included therein the additional language that it had complied with the contract. Count II is the only count before us.

¶ 4 Pursuant to Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)), the court certified the following question for our review:

> "Does the one-year limitation period in [section 8–101 of the Tort Immunity Act] also bar a claim arising out of a single event seeking recovery for resultant property damage and other related losses against a governmental entity when the plaintiff is also a party to a contract with the governmental entity and has filed within the 10-year limitation period for actions on written contracts a breach of contract claim seeking recovery of property damage and related other losses?"

¶ 5 We allowed the City's petition for interlocutory appeal and accepted the certified question for immediate appellate review. Review is *de novo*. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57-58 (2007); *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008).

¶ 6 Generally, where both a tort and a contract cause of action arise out of the same fact pattern, plaintiff may proceed with the theory of his choice. *Board of Education of Community Consolidated School District No. 54 v. Del Bianco & Associates, Inc.*, 57 Ill. App. 3d 302, 306 (1978). United argues that it proceeded under a contract action, which is subject to the 10-year limitations for actions on written contracts set forth in section 13–206 of the Code. Section 13–206 states in pertinent part: "[A]ctions on *** written contracts *** shall be commenced within 10 years next after the cause of action accrued." 735 ILCS 5/13–206 (West 2010).

¶ 7 The City responds that although United titled its action as one for "breach of contract," it is in actuality a negligence claim that is subject to the one-year limitations period set forth in section 8–101 of the Tort Immunity Act. Section 8–101 states in pertinent part:

> "(a) No civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.
> 
> ***
> 
> (c) For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8–101(a), (c) (West 2010).

¶ 8        Initially, we note that, on its face, section 8–101 applies to "any" civil action such that its one-year statute of limitations seemingly would apply to either a tort action or a breach of contract action against the City. However, we recently have held that section 2–101 of the Tort Immunity Act (745 ILCS 10/2–101 (West 2010)) operates to exclude certain enumerated exceptions listed therein from the one-year limitations period set forth in section 8–101. *Harvest Church of Our Lord v. City of East St. Louis*, 407 Ill. App. 3d 649 (2011). An action based on a contract is one such exception listed in section 2–101 that is excluded from the one-year limitations period of section 8–101. See 745 ILCS 10/2–101(a) (West 2010). Accordingly, while a tort action against the City is subject to the 1-year limitations period of section 8–101 of the Tort Immunity Act, an action against the City for breach of a written contract remains subject to the 10-year limitations period set forth in section 13–206 of the Code.

¶ 9        To determine which limitations period applies here, we evaluate the complaint to ascertain the true character of United's cause of action. *Madigan ex rel. Department of Healthcare & Family Services v. Yballe*, 397 Ill. App. 3d 481, 488 (2009). " '[T]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.' " *Bowman*, 229 Ill. 2d at 466 (quoting *Armstrong v. Guigler*, 174 Ill. 2d 281, 286 (1996)). The title a plaintiff employs to describe his cause of action is not dispositive as to the true nature of that action or to the limitations period that applies thereto. *Yballe*, 397 Ill. App. 3d at 488. "A party simply may not circumvent a shorter period of limitations, or attempt to breathe new life into a stale claim, merely by means of artful pleading." *Armstrong*, 174 Ill. 2d at 287.

¶ 10       The essence of a contractual action is found in the contract's promissory language. *Bowman*, 229 Ill. 2d at 467; *Armstrong*, 174 Ill. 2d at 291. A cause of action constitutes an action on a written contract within the meaning of the 10-year limitations period set forth in section 13–206 of the Code only when "liability emanates from the breach of a contractual obligation." *Bowman*, 229 Ill. 2d at 467; *Armstrong*, 174 Ill. 2d at 291. " 'As long as the gravamen of the complaint rests on the nonperformance of a contractual obligation, section 13–206 applies.' " *Bowman*, 229 Ill. 2d at 467 (quoting *Armstrong*, 174 Ill. 2d at 291).

¶ 11       In the present case, review of count II of United's amended verified complaint reveals that its cause of action constitutes an action on a written contract within the meaning of section 13–206. Specifically, United alleged that on January 1, 1985, it entered into an amended and restated airport use agreement and terminal facilities lease (the contract) with the City. The contract, which United attached to its complaint, sets forth the respective rights and obligations of both parties with respect to the use of Chicago O'Hare International Airport (the Airport). Among other things, the contract allows United to "conduct any operations or activities *** reasonably related to the landing, taking-off, flying, moving, loading, unloading or ramp servicing of aircraft or the movement of passengers." The contract allows the City to collect certain fees from United.

¶ 12       The contract requires United to maintain and repair the premises to which the contract gives it exclusive use, and to keep its designated aircraft parking areas clear of debris. The City is required to "maintain and keep in good repair *** all of the areas and facilities of the Airport" and to operate and maintain the airport "in a reasonably prudent manner and in

accordance with the rules, regulations and orders of any federal or state agency having jurisdiction with respect thereto." The contract also requires the City to "use its best efforts to keep the Airport open and in operation for landings and take-offs of aircraft" and "take all actions necessary to keep the Terminal Area, the Airfield Area and the Terminal Support Area clear of snow, ice, debris, vegetation and other foreign matter." The contract defines "Airfield Area" to include "taxiways and taxilanes at the Airport for the ground movement of aircraft to, from and between the Runways, Aircraft Parking Areas, and other portions of the Airport." The contract further requires the City to purchase comprehensive general public liability insurance.

¶ 13    United alleged that on February 2, 2005, United flight 881 was cleared to depart the Airport via taxiway-A to runway 32L. Ground control informed United flight 881 that further instructions would be given as the flight approached taxiway A-12 and that the crew should expect an immediate takeoff. United flight 881's captain and first officer confirmed that the airplane was centered on taxiway-A and proceeded as instructed by ground control. However, there was a City truck in the grass to the right side of taxiway-A between A11 and A12 which the City had failed to disclose to ground control. The undisclosed City truck obstructed the path of United flight 881, resulting in a collision between the truck and the airplane's number four engine. The collision caused damages to the airplane requiring $1,434,182.98 in repairs, and the plane was out of service during the months in which it was repaired, which caused further damages to United.

¶ 14    United alleged that the City was contractually obligated to keep the airfield area clear of foreign matter and that the City breached this portion of the contract when it drove its truck onto the grass on the right side of taxiway-A between A11 and A12 without disclosing its presence to ground control. United further alleged that the City breached the contract by failing to conspicuously mark the truck or provide the requisite notification of its presence as required by certain federal airport regulations (FARs), which are incorporated by reference into the contract. United also alleged that the City breached the contract by failing to yield the right-of-way on taxiway-A to the United airplane and by failing to provide insurance proceeds to cover its loss. United requested damages sufficient to reimburse it for the expenditures made to repair the airplane and to compensate it for the loss of use of the airplane.

¶ 15    Our foregoing evaluation of count II of United's amended verified complaint reveals that the City's claimed liability emanates from the alleged breach of contractual obligations and that the gravamen of said complaint rests on the alleged nonperformance of contractual obligations; accordingly, the cause of action constitutes an action on a written contract such that the 10-year limitations period set forth in section 13–206 applies.

¶ 16    The City argues, though, that United's claim arises from a single event (the collision between the City's truck and United's airplane) resulting in property damage and, as such, that United's claim sounds in tort rather than contract. See *Mars, Inc. v. Heritage Builders of Effingham, Inc.*, 327 Ill. App. 3d 346, 351 (2002) (holding that "tort law affords a remedy for losses occasioned by personal injuries or damage to one's property, but contract law *** [citation] offer[s] the appropriate remedy for economic losses occasioned by diminished commercial expectations not coupled with injury to person or property"); *Board of Education*

*of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 441 (1989) (holding that, generally, "the defect in a tort claim results in either personal injury or property damage" and that "[t]ypically, the manner in which a tort damage occurs is an accident involving some violence or collision with external objects").

¶ 17     However, although tort law provides the usual remedy for losses occasioned by property damage resulting from a collision, it is not the only remedy when such losses also resulted from a contractual breach. Our supreme court has held that a party can recover damages in a breach of contract action where the damages naturally and generally result from the breach or where the damages were the consequence of special or unusual circumstances and were foreseeable and within the reasonable contemplation of the parties at the time the contract was entered into. See *Midland Hotel Corp. v. Reuben H. Donnelly Corp.*, 118 Ill. 2d 306, 318 (1987). In the present case, United has pleaded damages resulting from the special or unusual circumstance of a collision between its plane and a City truck that was present in the grass to the right side of taxiway-A in violation of their contract. If these allegations are proved, a trier of fact could find that United's damages were recoverable in the breach of contract action because they were foreseeable and within the reasonable contemplation of the parties at the time they entered into the contract for the City to keep the airfield area clear of foreign matter. The City argues that its truck did not constitute foreign matter within the meaning of the contract; however, that is a question for the trier of fact to determine.

¶ 18     We also note that in addition to the allegation of property damage to its plane, United alleges loss of use of the plane while it was repaired. Damages for loss of use are recoverable in a breach of contract action where the breach deprives a plaintiff of the use of personal property. *Wilson v. DiCosola*, 352 Ill. App. 3d 223, 225 (2004).

¶ 19     The City argues that the contract lacks consideration because the City's obligations under the contract were based on preexisting duties. This issue is beyond the scope of the certified question and is not properly raised here. See *Barbara's Sales*, 227 Ill. 2d at 57-58 ("We are limited to the question certified by the trial court ***.").

¶ 20     The City argues that United's claim for breach of contract relies heavily on FARs outside the contract and, as such, the contract must be deemed oral such that the five-year statute of limitations for oral contracts applies. See 735 ILCS 5/13–205 (West 2010). The City argues that this issue is relevant to the certified question because a finding that the contract was oral instead of written would prevent us from finding that the 10-year limitations period for written contracts is properly applied here. The purpose of the City's argument is unclear, because United's complaint was filed within five years of the occurrence and therefore its cause of action would not be barred by the statute of limitations for oral contracts. Regardless, we disagree with the City's argument that the contract here was oral and not written. A contract is considered written for statute of limitations purposes where all the essential terms are reduced to writing and ascertainable from the instrument itself. *Armstrong*, 174 Ill. 2d at 288. Here, United attached the 93-page contract to the amended verified complaint; review thereof indicates that the contract provides for the respective parties' rights and obligations with respect to the use of the Airport. The contract incorporates therein, and makes part of the contract, all rules, regulations and orders of any federal or state agency having jurisdiction with respect thereto. The incorporation of the

rules, regulations, and orders (including the FARs at issue) into the written contract satisfies the writing requirement. The contract here is a written one subject to the 10-year limitations period set forth in section 13–206.

¶ 21 The City cites several cases in which the reviewing court found that the 10-year limitations period of section 13–206 (or the predecessor thereto) did not apply because an evaluation of the complaint revealed that the alleged liability at issue did not emanate from breach of contract. See *Yballe*, 397 Ill. App. 3d at 487-91; *Armstrong*, 174 Ill. 2d at 292-94; *Schreiber v. Eastern Airlines, Inc.*, 38 Ill. App. 3d 556 (1976). The City also cites *Handtoffski v. Chicago Consolidated Traction Co.*, 274 Ill. 282 (1916), in which the supreme court held that the five-year limitations period for an action in assumpsit for a tortious breach of an implied contract did not apply to a cause of action seeking damages for injury to the person. Each of the cited cases turns on the facts pleaded in its particular complaint. Here, the facts pleaded in United's complaint reveal that the City's claimed liability emanates from its alleged breach of contractual obligations to keep the airfield area free of foreign matter, to comply with pertinent federal regulations, to yield the right-of-way to the airplane, and to provide insurance proceeds to cover the loss. The cause of action here constitutes an action on a written contract such that the 10-year limitations period set forth in section 13–206 applies.

¶ 22 Therefore, in answer to the question certified by the circuit court, the one-year limitation period set forth in section 8–101 of the Tort Immunity Act does not bar United's claim here against the City for breach of contract.

¶ 23 Certified question answered; cause remanded.